DANAHY, Judge.
Appellee issued a yacht policy covering appellant’s 31-foot Chris Craft. The policy, a “named perils” policy, insured against loss caused by “negligence of master, mariners, engineers, or pilots.” Appellant negligently caused his boat to sink and brought this suit to recover proceeds under the policy for the loss.
Appellee asserted four affirmative defenses, the first being that the negligence of the owner of the boat is not included in the phrase “negligence of master, mariners, engineers, or pilots.” No other named peril applied; hence appellee’s position denied coverage altogether. The trial judge agreed with appellee on this point and rendered summary -final judgment in its favor. We reverse.
A yacht policy seems obviously inappropriate for a 31-foot boat but, nevertheless, that is the type of policy which appellee issued. A clause in such a policy insuring against “negligence of master, mariners, engineers, or pilots” is known as an In-chmaree clause and typically contains language expressly excluding losses resulting from want of due diligence by an owner.[1] Pacific Dredging Co., Inc. v. Hurley, 65 Wash.2d 394, 397 P.2d 819 (1964). The policy issued by appellee contained no such exclusion. Significantly, the policy separately excluded coverage for loss caused by “willfull misconduct of the assured.” There is no assertion of willful misconduct on appellant’s part.
We are compelled to agree with appellant that the clause in question, insuring against “negligence of master, mariners, engineers, or pilots,” is meaningless as applied to a 31-foot boat unless the owner of the boat is considered a master, mariner, engineer or pilot when acting in any such capacity. Surely appellee must be expected to know that a 31-foot boat is usually operated and maintained by its owner, not by a crew.
Accordingly, we reverse the summary final judgment entered by the trial judge in appellee’s favor. Since we are in doubt as to the status of the other three affirmative defenses asserted by appellee, we decline appellant’s request that we direct entry of final summary judgment for appellant.
REVERSED and REMANDED for further proceedings consistent with this opinion.
HOBSON, A. C. J., and GRIMES, J., concur.

. The “Inchmaree” clause takes its name from the Steamship Inchmaree involved in Thames & Mersey Marine Insurance Co., v. Hamilton, Fraser & Co., 12 App.Cas. 484 (H.L.1887).